IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv102

| | | |
|---|---|---|
| THALIA D. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *ROSEBORO* |
| v. | ) | ORDER |
| | ) | |
| LISA JOHNSON, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are the Motion to Dismiss [# 51] filed by Defendants Gresham Barrett, Lindsey Graham, and the U.S. Legislature and the Motion to Dismiss [# 54] filed by Defendant State of North Carolina. Plaintiff is proceeding *pro se* and will be advised of her obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff, is cautioned that Defendants Gresham Barrett, Lindsey Graham, the U.S. Legislature (the "Federal Defendants"), and the State of North Carolina have filed two Motions to Dismiss. The Federal Defendants contend that Plaintiff has failed to perfect service on her as required by Rule 4 of the Federal Rules of Civil Procedure, that the claims against the Federal Defendants are barred by the doctrine of congressional immunity, that Plaintiff did not exhaust her administrative remedies under the Federal Tort Claims Act, that the Court lacks person jurisdiction over them, and that the Complaint does not state a claim. The State of North Carolina contends that dismissal is warranted pursuant to the doctrine of sovereign immunity, the

-1-

Rooker-Feldman doctrine, Plaintiff did not perfect service of process, and the Complaint fails to state a claim.  Although this Court has previously explained Plaintiffs duty to respond to a motion to dismiss in connection with the motions to dismiss filed by the other Defendants, the Court will again caution Plaintiff regarding the two additional motions.

Rule 12(b)(6), Federal Rules of Civil Procedure, provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiff must show that she has made sufficient allegations to support a cause of action against such defendant that is recognized by law.  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in her complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added). The Court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S. Ct.,

at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

Moreover, Rule 4 of the Federal Rules of Civil Procedure sets out the proper procedure for perfecting service on a party. If a plaintiff fails to perfect service on a party, the Court may lack personal jurisdiction over that party and the claims asserted against them may be subject to dismissal pursuant to Rule 12(b)(2) and (5) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff should demonstrate in her response that she perfected service on Defendants as required by the Federal Rules.

Finally, Plaintiff is advised that the method for responding requires her filing

a separate written "response" to Defendants' motions within the time allowed by this Order.  A copy of such response must be sent to counsel for all other parties, and Plaintiff must certify that she has made such service in a "certificate of service" indicating the manner in which such service was made.  In her response, Plaintiff should address each of the issues raised in Defendants' Motions to Dismiss.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff file her written response to Defendants' Motions to Dismiss [# 51 & # 54] not later than November 14, 2011.

Signed: November 4, 2011

Dennis L. Howell
United States Magistrate Judge