IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv102

| | |
|---|---|
| THALIA D. COOPER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | and |
| ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| ) | |
| LISA JOHNSON, et al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court are numerous motions filed by Defendants and Plaintiffs. Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 alleging a vast conspiracy between state and federal actors to infringe Plaintiffs' constitutional rights. The crux of Plaintiffs' Amended Complaint is that Defendants unlawfully conspired to take Melvin E. Swanson Jr. from his father over two decades ago and sold him for a profit in order to benefit fellow "craft members." All of the Defendants that have been served move to dismiss the Amended Complaint. Plaintiffs move to strike the Defendants' Motions to Dismiss. In addition, Plaintiffs move for leave to file a Second Amended Complaint. The Court **DENIES** the Motions to Strike [# 28, # 31, # 44, # 47, # 56, & # 58] and Motion for Leave to File Second Amended Complaint [# 37] and **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 18, # 24, # 33, # 41, # 51, & # 54].

## I. Procedural Background

Plaintiff Thalia Cooper initially brought this action *pro se* against Defendants Lisa Johnson, Transylvania County, and Dotti D. Harris for the alleged deprivation of her constitutional rights.[1] (Pl.'s Compl. p. 1-2.) Subsequently, Plaintiff filed an Amended Complaint adding Melvin E. Swanson Sr. and Melvin E. Swanson Jr. as additional *pro se* plaintiffs. Plaintiff Cooper also added Scott Peterson, Joy Barton, Paul Averette, Larry Johnson, North Carolina, Gresham Barrett, Lindsey Graham, and the United States Legislature as defendants in this action. To date, however, Plaintiffs have not served Defendants Peterson, Barton, and Johnson. (Pls.' Memo. Support Mot. Dismiss at p. 3.)

The Amended Complaint asserts seven causes of action against Defendants. Plaintiffs allege that Defendants violated 42 U.S.C. § 1983 and 42 U.S.C. § 1985 by depriving and/or conspiring to deprive Plaintiffs of their constitutional rights as provided by the First, Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution. (Pls.' Am. Compl. ¶¶ 19-119.) The Amended Complaint seeks various forms of declaratory relief, $300 million in compensatory damages, $300 million in punitive damages, $300 million in conspiracy damages, $6 million in special damages, and $6 million in attorney's fees. (Id. ¶¶ 120-141.)

---

[1] The Court notes that Plaintiff Melvin Swanson previously brought a frivolous suit against a number of Defendants alleging that his son was abducted by the government. Swanson v. Transylvania Cnty. Dep't of Social Servs., 1:00cv26 (W.D.N.C. filed Feb. 1, 2000). In addition, Plaintiffs attached as an exhibit a pleading from the civil action Swanson v. Transylvania Cnty. Dep't of Social Servs., A-C-86-213, that was also brought in the United States District Court for the Western District of North Carolina. The Court **INSTRUCTS** Plaintiffs that if they continue to file frivolous pleadings in this Court, the Court may enter an order restricting their access to the Court. See In re Burnley, 988 F.2d 1 (4th Cir. 1992); Armstrong v. Koury Corp., 16 F. Supp. 2d 616 (M.D.N.C. 1998).

Each of the Defendants that Plaintiffs served, then independently moved to dismiss the Amended Complaint on a number of grounds [# 18, # 24, # 33, # 41, # 51, & # 54]. Plaintiffs responded to each of the Motions to Dismiss by moving to strike the motions [# 28, # 31, # 44, # 47, # 56, & # 58]. Meanwhile, Plaintiffs requested leave to file a Second Amended Complaint under Rule 15 [# 37]. Plaintiffs also moved for the entry of default judgment against Defendant Barrett [# 40] and for a $700 million default judgment against Defendants Graham and the United States Legislature [# 49]. Finally, Plaintiffs move to dismiss the claims asserted against Defendants Scott Johnson, Joy Barton, and Larry K. Johnson without prejudice prior to service [# 50].

## II.     Factual Background

Plaintiff Cooper is a South Carolina resident and the biological grandmother to Plaintiff Melvin E. Swanson Jr. (Pls.' Am. Compl. ¶ 5.) Plaintiff Melvin E. Swanson Sr. is also a resident of South Carolina and the biological father of Swanson Jr. (Id. ¶ 6.) Plaintiff Swanson Jr.'s whereabouts are currently unknown. (Id. ¶ 7.)

In 1983, the Transylvania County Department of Social Services ("DSS") took custody of Swanson Jr., who was three years old at the time. (Id. ¶¶ 43-44.) DSS alleged that Plaintiff Swanson Sr. abused Swanson Jr. and failed to provide him with his medication. (Id. ¶ 37.) Plaintiffs, however, contends that DSS drugged Swanson Jr. with "psychotropic drugs" after taking custody of the child. (Id. ¶ 7.) In addition, Plaintiffs contend that DSS is "a branch of the Crucifer's

-3-

Case 1:11-cv-00102-MR -DLH   Document 62   Filed 12/30/11   Page 3 of 18

organization with members that worship Lucifer. . ." (Id. ¶ 83.)

Subsequently, Plaintiff Swanson Sr.'s parental rights were terminated in a 1986 Court proceeding. (Id. ¶ 10.) Plaintiffs contend that DSS social worker Dotti D. Harris committed perjury during this 1986 proceeding and lied to the Court. (Id.) Defendant Paul Averette was the attorney for DSS during these proceedings. (Id. ¶ 13.) Defendant Joy Barton was also a social worker for DSS who allegedly conspired with Defendants Harris and Averette to remove Swanson Jr. from his father. (Id. ¶ 12.) Similarly, Defendant Larry K. Johnson, the director for DSS, allegedly conspired with Defendant Averette by committing perjury during another proceeding so that "a stonemason's son could be sold under color of state law." (Id. ¶ 14.)

Defendant Scott Johnson was the public defender that advised Plaintiff Cooper and/or Plaintiff Swanson Sr. during this process. (Id. ¶¶ 11, 77.) Plaintiffs contend that Defendant Johnson was ineffective, misrepresented the law to them, and destroyed evidence. (Id. ¶¶ 11, 77.)

At some point after DSS obtained custody of Swanson Jr., he was adopted. (Id. ¶¶ 8.) As a result, Plaintiff Cooper is not allowed to visit her grandson. (Id. ¶ 38, 41.) Plaintiffs contend that Defendants conspired against Swanson Sr. in order to terminate his parental rights and take his son because he refused to serve Crucifer's organization and because "he is an original independent stonemason and not [a] member of the craft like [the] attorneys and officials that run the government. . . ." (Id. ¶¶ 40, 83.)

After his adoption, Plaintiff Cooper requested adoption records from Defendant Lisa Johnson, a social services commissioner for the North Carolina Division of Social Services. (Id. ¶ 8.) Defendant Johnson refused to provide Plaintiff Cooper with the adoption records for Swanson, Jr. and failed to forward a letter him. (Id.) In addition, Plaintiffs contend that Defendants Transylvania County and the State of North Carolina have either removed from the court house or allowed to be removed, various records related to these proceedings. (Id. ¶¶ 9, 15, 22.)

Finally, Plaintiffs contend that Defendants Gresham Barrett, Senator Lindsey Graham, and the United States Legislature knew that the States were depriving thousands of United States citizens of their constitutional rights and failed to take action to prohibit these deprivations. (Id. ¶¶ 16-18.) Specifically, Plaintiffs allege that North Carolina and the United States Legislature are conspiring together to allow States to take children from their families and allow for the adoption of children in return for financial payments. (Id. ¶¶ 51, 58, 60-61, 65.) These acts are allegedly undertaken for the benefit of "craft members" and their associates. (Id. ¶¶ 51-52, 57-58.) The Amended Complaint alleges a hosts of alleged wrongs committed by the United States Legislature for the benefit of craft members in the United States and abroad. (see e.g. Id. ¶¶ 57, 100-9.)

### III. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d

186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189. The Court, however, must liberally construe a complaint filed by a *pro se* litigant and should not hold a *pro se* pleading to the same standard as one drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974;

see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256

### IV. Analysis

#### A. The Motions to Strike

Plaintiffs responded to Defendants' Motions to Dismiss by filing Motions to Strike. Plaintiffs contend that the Court should strike the various Motions to Dismiss pending before the Court. Plaintiffs, however, have not set forth sufficient grounds for striking these motions. Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendants are entitled to challenge the sufficiency of the Amended Complaint on a number of grounds. See Fed. R. Civ. P. 12(b). Accordingly, the Court **DENIES** the Motions to Strike [# 28, # 31, # 44, # 47, # 56, & # 58]. The Court will construe Plaintiffs' motions as responses to the Motions to Dismiss and consider the argument of Plaintiffs raised in the Motions to Strike in determining whether dismissal of the Amended Complaint is warranted in this case.

**B.  The Section 1985 Claims Against All Defendants**

In order to establish a cause of action for conspiracy pursuant to Section 1985, Plaintiffs must prove:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Unus v. Kane, 565 F.3d 103, 126 (4th Cir. 2009) (quoting Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995)); A Society Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011). Plaintiffs must also show either an agreement or a meetings of the minds by Defendants to violate Plaintiffs' constitutional rights. A Society Without a Name, 655 F.3d at 346. Allegations of a conspiracy alleged in a conclusory manner without any concrete, supporting factual allegations is insufficient to state a claim pursuant to Section 1985. Id.

The Amended Complaint fails to set forth factual allegations supporting a Section 1985 claim against Defendants. Plaintiffs unsupported allegations of a vast conspiracy between Transylvania County, North Carolina, the United States Legislature, and the other Defendants to take children away from their parents in order to sell them to others for the benefit of a global group of individuals referred to as craft members are insufficient to state a claim under Section 1985. See id. Such conclusory allegations are insufficient to support a meeting of the minds or an agreement between Defendants to violate Plaintiffs' constitutional rights. See id.

Moreover, Plaintiffs fail to allege that Defendants are motivated by a specific class-based, invidiously discriminatory animus. Rather, Plaintiffs allege that Defendants discriminated against Plaintiff Swanson Sr. because he is an original independent stone mason and Defendants are motivated to benefit craft members. Because Plaintiffs do not allege that the discrimination resulted from their membership in a qualifying protected class, the Section 1985 claims are subject to dismissal. See United Bhd. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 837-39, 103 S. Ct. 3352, 3360-61 (1983) (holding that Section 1985(3) does not extend to conspiracies motivated by bias towards others on the basis of their economic views, status, or activities). Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss as to the Section 1985 claims.

### C. The Motion to Dismiss by Defendants Harris and Transylvania County

Defendants Harris and Transylvania County move to dismiss the Amended Complaint on the grounds that the claims asserted against them fail to state a claim for relief and are barred by the applicable statute of limitations. As a threshold matter, the vast majority of the Amended Complaint consists of legal conclusions and bare assertions that are not support by any factual allegations, and, as such, cannot support a claim against Defendants. See Consumeraffairs.com, 591 F.3d at 255. Morever, the only specific factual allegations in the Amended Complaint directed at these two defendants - that Defendant Harris committed perjury during a 1986 proceeding and that Transylvania County either allowed court records to be

removed from the courthouse or its employees destroyed these records - are not sufficient to state a Section 1983 claim that is plausible on its face. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Put simply, Plaintiffs have not set forth factual allegations in the Amended Complaint that state a plausible claim for relief. Id.

Even assuming that the Amended Complaint did state a cognizable Section 1983 claim against Defendants Harris and Transylvania County, such claims are barred by the applicable statute of limitations. Courts look to state law for determining the statute of limitations for a claim brought pursuant to Section 1983. Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094 (2007). Accordingly, courts apply the statute of limitations for state personal-injury torts to Section 1983 claims. Id. In North Carolina, the statute of limitations for Section 1983 actions is three years. Love v. Alamance Cnty. Bd. of Educ., 757 F.2d 1504, 1506 (4th Cir. 1985). The accrual date of a Section 1983 claim is a question of federal law. Wallace, 549 U.S. at 388, 127 S. Ct. at 1095; Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996). "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry ill reveal his cause of action." Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995).

The claims asserted against Defendants Harris and Transylvania County accrued well over three years prior to Plaintiffs initiating this action. For example, Plaintiffs allege that Defendant Harris committed perjury and lied in reports over twenty-five years ago, and the adoption that forms the basis of Plaintiffs' claims

also occurred over two decades ago. Accordingly, the Court finds that Plaintiffs' claims against Defendants Harris and Transylvania County accrued more than three years prior to Plaintiffs bringing this action, and are thus barred by the statute of limitations. The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 24] as to all claims asserted against Defendants Harris and Transylvania County.

### D. The Motion to Dismiss by Defendant Averette

Defendant Averette moves to dismiss the Amended Complaint on the grounds that it fails to state a claim against him, is barred by the statute of limitations, and that he is entitled to prosecutorial immunity. Like the claims asserted against Defendants Harris and Transylvania County, the Amended Complaint fails to state a claim against Defendant Averette. The only specific factual allegation in the Amended Complaint directed at Defendant Averette is that he was the attorney for DSS who was involved in the prior court proceedings that terminated Plaintiff Swanson Sr.'s parental rights. Such allegations are not sufficient to state a Section 1983 claim for relief that is plausible on its face. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Moreover, the claims against Defendant Averette arising out of conduct during these 1986 court proceedings are barred by the statute of limitations. Finally, Defendant Averette is entitled to prosecutorial immunity as to the Section 1983 claims. See Weller v. Dep't of Soc. Serv. for the City of Baltimore, 901 F.2d 387, 397 n.11 (4th Cir. 1990); Parkell v. South Carolina, 687 F. Supp. 2d 576, 587 (D.S.C. 2009). Accordingly, the Court

**RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 33] and dismiss all the claims asserted against Defendant Averette.

   E.   **The Motion to Dismiss by the Federal Defendants**

Defendants Gresham Barrett, Lindsey Graham, and the United States Legislature (collectively, the "Federal Defendants") move to dismiss the Amended Complaint on a number of grounds. Plaintiffs contend that the Federal Defendants are liable for failing to undertake official action to protect Plaintiffs' constitutional rights after being put on notice that thousands of United States Citizens were being deprived of their constitutional rights by the actions of North Carolina and other states. In addition, the Amended Complaint asserts a number of other conclusory allegations against the Federal Defendants ranging from depriving Plaintiff Swanson Sr. of the right to use cannabis to robbing taxpayers and funneling money to Israel and other craft members. Plaintiffs, however, have not set forth factual allegations in the Amended Complaint that state a plausible claim for relief against the Federal Defendants. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.

Moreover, to the extent that Plaintiffs' claims stem from the performance of the Federal Defendants' official duties as members of the House and Senate, they are entitled to absolute immunity from suit. See Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 502-04, 95 S. Ct. 1813, 1820-22 (1987). "Put simply, the [Speech or Debate Clause] provides legislatures with absolute immunity for their legislative activities, relieving them from defending those actions in court." United States v. Jefferson 546 F.3d 300, 310 (4th Cir. 2008). Accordingly, the Court

**RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 51] and **DISMISS** the claims asserted against the Federal Defendants.

###    F.    The Motion to Dismiss by the State of North Carolina

The State of North Carolina moves to dismiss the claims asserted against it for a number of grounds, including that Plaintiffs failed to perfect service of process on it, that the Amended Complaint fails to state a claim, and the claims are barred by the statute of limitations and the Eleventh Amendment.  Plaintiffs contend that North Carolina negligently allowed its employees to remove court records from the courthouse and conspired with the other Defendants to commit a hosts of wrongs. Irrespective of whether Plaintiffs perfected service of North Carolina, the claims against it are subject to dismissal because Plaintiffs have not set forth factual allegations in the Amended Complaint that state a plausible claim for relief against North Carolina.  See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  Moreover, Plaintiffs cannot sue North Carolina under Section 1983 because it is not a "person" within the meaning of the statute.  Will v. Michigan Dept. of. State Police, 491 U.S. 58, 109 S. Ct. 2304 (holding that states are not persons within the meaning of Section 1983); Kelly v. Md., 267 F. App'x 209, 210 (4th Cir. 2008) (unpublished). Finally, North Carolina is entitled to immunity pursuant to the  Eleventh Amendment as to most, if not all, of the claims asserted directly against it because Plaintiffs have not shown that any exception to North Carolina's immunity to suit is applicable in this case. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984); Bragg v. W. Va. Coal Ass'n, 248 F.3d 275 (4th

Cir. 2001) (discussing the exceptions to a state's immunity). Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 54] as to all the claims asserted against North Carolina.

### G.    The Motion to Dismiss by Defendant Lisa Johnson

Defendant Johnson moves to dismiss the claims asserted against her in the Amended Complaint on a number of grounds. Plaintiffs contend that Defendant Johnson failed to forward a letter to Swanson Jr. and failed to provide Plaintiffs with the adoption records they requested. Irrespective of whether Plaintiffs failed to perfect service on Defendant Johnson, the claims asserted against her in the Amended Complaint are subject to dismissal pursuant to Rule 12(b)(6) because Plaintiffs have not set forth factual allegations in the Amended Complaint that state a plausible claim for relief against Defendant Johnson. See Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. The factual allegations in the Amended Complaint do not support a Section 1983 claim against Defendant Johnson. Moreover, to the extent that the claims accrued three years prior to Plaintiffs brining this action, the claims are barred by the applicable statute of limitations. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 41] and dismiss the claims asserted against Defendant Johnson.

### H.    The Motion to Dismiss by Transylvania County District Attorney

The Transylvania County District Attorney moves to dismiss any claims asserted against it on several grounds. Although Plaintiff served the Transylvania County District Attorney ("District Attorney") with summons and the original

-14-

Case 1:11-cv-00102-MR -DLH   Document 62   Filed 12/30/11   Page 14 of 18

complaint by certified mail, the District Attorney is not a named party to this action. The Amended Complaint does not name the District Attorney as a defendant and there are no allegations asserting any claims against the District Attorney in the Amended Complaint. Because the Amended Complaint does not assert any claims against the Transylvania County District Attorney, the Court **RECOMMENDS** that the Court **GRANT** the Motion to Dismiss [# 18]. To the extent that Plaintiffs intended to assert claims against the District Attorney, however, the Court finds that such claims would be subject to dismissal for the same reasons as the claims asserted against the other Defendants.

### I. Plaintiffs' Motion to Dismiss

Plaintiffs have not served Defendants Peterson, Barton, and Johnson with a copy of the summons and Amended Complaint. Plaintiffs move to dismiss the civil claims asserted against these three Defendants without prejudice prior to serving them [#58]. The Court **RECOMMENDS** that the District Court **DISMISS without prejudice** the claims against Defendants Peterson, Barton, and Johnson pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### J. Plaintiffs' Motion to Amend

Finally, Plaintiffs move for leave to file a Second Amended Complaint [# 37]. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading after the expiration of the time periods specified in Rule 15(a)(1) "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given

"when justice so requires." Id. Absent a showing of undue delay, bad faith, futility, or prejudice to the opposing party, a court should grant a party leave to amend. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010); Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006). Upon a review of Plaintiffs' proposed Second Amended Complaint and the record in this case, the Court finds that allowing Plaintiffs leave to file a Second Amended Complaint would be futile; allowing the proposed amendments would not save this case from dismissal. Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to File Second Amended Complaint [# 37].

V. **Conclusion**

The Court **DENIES** Plaintiffs' Motions to Strike [# 28, # 31, # 44, # 47, # 56, & # 58] and Motion for Leave to File Second Amended Complaint [# 37]. The Court **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss [# 18, # 24, # 33, # 41, # 51, & # 54] and Dismiss the claims asserted against Defendants Johnson, Transylvania County, Harris, Averette, Barrett, Graham, the U.S. Legislatures, North Carolina, and the Transylvania County District Attorney. In addition, the Court **RECOMMENDS** that the District Court **DISMISSES without prejudice** pursuant to Rule 4(m) the claims against the unserved Defendants - Defendants Peterson, Barton, and Johnson.

Signed: December 30, 2011

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

-17-

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).