**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL CASE NO. 1:11cv102**

| | |
|---|---|
| **THALIA D. COOPER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **O R D E R** |
| ) | |
| **LISA JOHNSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the "Affidavit" filed by Thalia D. Cooper on January 26, 2012 [Doc. 65].

On December 30, 2011, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed conclusions of law in support of a recommendation regarding the Defendants' motions. [Doc. 62]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. When no written objections to the Memorandum and Recommendation were filed in the time prescribed, the Court entered an Order adopting the Magistrate Judge's Recommendation and dismissing this case on January 23, 2012. [Doc. 63].

On January 26, 2012, the Plaintiff Thalia D. Cooper filed the present "Affidavit" in which she states that she never received a copy of the Memorandum and Recommendation and therefore was not aware that she was required to respond to it. The Plaintiff charges that the fact that she never received a copy of the Magistrate Judge's Memorandum and Recommendation "is evidence of conspiracy to deprive me of my constitutional rights." [Doc. 65]. She further asserts that she has a constitutional right to a jury trial in this matter. [Id.].

The Court's record indicates that copies of the Magistrate Judge's Memorandum and Recommendation were mailed to the Plaintiffs on December 30, 2011. The Court did not receive anything in return from the U.S. Postal Service indicating that the Plaintiffs did not receive these mailings. It therefore appears that the Plaintiffs were timely served with the Memorandum and Recommendation and were thus required to file their objections thereto within fourteen (14) days of service.

Moreover, even if the Court were to accept the Plaintiff's representations as set forth in her Affidavit as true, it would be insufficient to change the result. Plaintiff's Affidavit fails to state any substantive objection to anything in the Memorandum and Recommendation. Plaintiff makes no assertion of any error

therein. In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Even taken in the light most favorable to the Plaintiff, her Affidavit is no more than precisely such a "general and conclusory objection." For the reasons as stated previously, the Court remains convinced that the Magistrate Judge's proposed conclusions were correct and that in accord with the law that this action must be dismissed in its entirety.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Affidavit, which the Court construes as an Objection to the Magistrate Judge's Memorandum and Recommendation [Doc. 65], is **OVERRULED**.

**IT IS SO ORDERED**.

Signed: January 27, 2012

Martin Reidinger
United States District Judge