# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:11cv102

| | | |
|---|---|---|
| THALIA D. COOPER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LISA JOHNSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the "Objection to Dismissal of Complaint" filed by Plaintiff Melvin E. Swanson, Sr. [Doc. 67].

On December 30, 2011, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed conclusions of law in support of a recommendation regarding the Defendants' motions. [Doc. 62]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. When no written objections to the Memorandum and Recommendation were filed in the time prescribed, the Court entered an Order adopting the Magistrate Judge's Recommendation and dismissing this case on January 23, 2012. [Doc. 63].

On January 31, 2012, the Plaintiff Melvin D. Swanson, Sr. filed the present Objection, claiming that he never received a copy of the Memorandum and Recommendation. [Id.]. Contrary to the Plaintiff's assertions, however, the Court's record indicates that copies of the Magistrate Judge's Memorandum and Recommendation were mailed to the Plaintiffs on December 30, 2011. The Court did not receive anything in return from the U.S. Postal Service indicating that the Plaintiffs did not receive these mailings. It therefore appears that the Plaintiffs were timely served with the Memorandum and Recommendation and were thus required to file their objections thereto within fourteen (14) days of service.

Moreover, even if the Court were to accept the Plaintiff's representations as true, it would be insufficient to change the result. Plaintiff's Objection fails to state any substantive objection to anything in the Memorandum and Recommendation, and Plaintiff makes no assertion of any error therein. Plaintiff's filing [Doc. 76] makes clear that Plaintiff is now fully aware that the Magistrate Judge has filed a Memorandum and Recommendation wherein he recommends that this case be dismissed. That Memorandum and Recommendation is a public record and therefore the Plaintiff has complete access to it and its contents. Nonetheless, Plaintiff has not objected to any

conclusion or legal statement or any other portion of that Memorandum and Recommendation.  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised.  Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).  Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Even taken in the light most favorable to the Plaintiff, his Objection is no more than precisely such a "general and conclusory objection."  Plaintiff has done nothing in compliance with the law to bring to the Court's attention any problem in the Memorandum and Recommendation whereby the Court should not follow it.  For the reasons as stated previously, the Court remains convinced that the Magistrate Judge's proposed

conclusions were correct and that in accord with the law that this action must be dismissed in its entirety.

**IT IS, THEREFORE, ORDERED** that the Plaintiff Swanson's "Objection to Dismissal of Complaint" [Doc. 67] is **OVERRULED**.

**IT IS SO ORDERED**.

Signed: February 6, 2012

Martin Reidinger
United States District Judge