THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv102

| | |
|---|---|
| THALIA D. COOPER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LISA JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Supplemental Memorandum of Facts with Ruling Law of Authority in Support of Objection to Dismissal of Complaint" filed by Plaintiff Melvin E. Swanson, Sr. on March 13, 2012 [Doc. 69].

The Court entered an Order accepting the Magistrate Judge's Memorandum and Recommendation and dismissing this case on January 23, 2012. [Doc. 63]. The Court overruled the Plaintiffs' untimely objections to the Magistrate Judge's Memorandum and Recommendation on January 27, 2012 and February 6, 2012. [Docs. 66, 68]. Thereafter, on March 13, 2012, the Plaintiff Melvin E. Swanson, Sr. filed the present "Supplemental Memorandum" in support of his Objections. [Doc. 69].

In his Supplemental Memorandum, the Plaintiff reiterates his objections to the dismissal of the Plaintiffs' Complaint, arguing that the Plaintiffs never received a copy of the Memorandum and Recommendation [Doc. 62] and therefore were unaware of the Magistrate Judge's proposed findings and conclusions, and remain unaware thereof.  [Doc. 69].

Under Rule 60(b) of the Federal Rules of Civil Procedure, the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," or "any other reason justifying relief."  Fed. R. Civ. P. 60(b).  Upon careful consideration of the Plaintiffs' Objections, and particularly their claim that they never received a copy of the Magistrate Judge's Memorandum and Recommendation, the Court will exercise its discretion and re-open this matter so that the Plaintiffs may have an opportunity to file objections to the Memorandum and Recommendation.

The Plaintiffs are admonished that "parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Ervs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).  If a party makes only general objections, de novo review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will

not avoid the consequences of failing to object altogether). This pertains to legal conclusions as well as proposed findings. Therefore, as to any proposed legal conclusions made by the Magistrate Judge the parties must specifically identify the conclusions to which they object, and then with citations to legal authorities present to the Court the legal reasons why these proposed conclusions are incorrect. Failure to do so may result in the Court's adoption of the Memorandum and Recommendation and the summary dismissal of this case.

This Court has much confidence in the truth of the entries in its electronic record where it states that a document has been mailed to a *pro se* party. It is very much out of the ordinary for the Court to allow a party an extension of the time to object to a Memorandum and Recommendation based upon that party's statement that a mailing was never received. Nonetheless, having read the Plaintiffs' pleas, in its discretion the Court will allow this one extension. From this point forward, however, if the Plaintiffs are aware of the Court having entered a document and believe they have not received a copy through the mail, it will be the responsibility of the Plaintiffs to obtain a copy of the document from the Clerk of this Court.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Order and Judgment [Docs. 63, 64] entered in this matter on January 23, 2012 are hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Plaintiffs shall have fourteen (14) days from the entry of this Order to file objections to the Magistrate Judge's Memorandum and Recommendation [Doc. 62]. **The Plaintiffs are advised that failure to file objections to the Memorandum and Recommendation within the time required will result in the dismissal of this action and further will preclude the parties from raising such objections on appeal.**

The Clerk of Court is hereby **DIRECTED** to send a copy of this Order, as well as a copy of the Magistrate Judge's Memorandum and Recommendation [Doc. 62], to the Plaintiffs by certified mail, with said mailing to take place on the date of the entry of this Order.

**IT IS SO ORDERED**.

Signed: April 24, 2012

Martin Reidinger
United States District Judge