THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:11cv102

| | |
|---|---|
| THALIA D. COOPER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| LISA JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants' Motions to Dismiss [Docs. 18, 24, 33, 41, 51, and 54]; the Magistrate Judge's Memorandum and Recommendation [Doc. 62] regarding the disposition of those motions; the "Objection to Order and Memorandum and Recommendation of the United States Federal Magistrate Judge" filed by Plaintiff Melvin E. Swanson, Sr. [Doc. 74]; the "Legal Notices of Federal Tort Claim" filed by the Plaintiffs [Docs. 75, 76, 77].

In this matter, the Magistrate Judge issued a Memorandum and Recommendation recommending that Plaintiffs' claims be dismissed. The Plaintiffs did not file any timely objections, but well after the deadline for objections, they complained that they had never been provided a copy of the

Memorandum and Recommendation. Giving the Plaintiffs the benefit of the doubt, the Court allowed the Plaintiffs to file objections to the Memorandum and Recommendation, *nunc pro tunc,* and Plaintiff Swanson filed an objection. Unfortunately this Objection failed to conform to the requirements of the law and the practice before this Court in many respects. First, the Objection sets forth repeated invectives against the Magistrate Judge, which is in gross violation of the decorum of this Court. Second, the Objection fails to comply with 28 U.S.C. § 636 and the Rules of this Court regarding the content which must be set forth in order to state an objection to a Memorandum and Recommendation. Any points of law to which an objection is made need to be identified with some particularity, and legal authorities must be presented showing why the Magistrate Judge's legal conclusions are wrong. Instead, the Plaintiffs set forth such objections as "The Constitution does not give the Court power to make laws. The court system has made their [sic] own rule with these court ruling[s] to subvert the statute of the Constitution," [Doc. 74 at 3], apparently objecting to the Magistrate Judge's use of case law to support the legal conclusions set out in the Memorandum and Recommendation. Such position by the Plaintiffs is, of course, without any legal merit because the common law courts of this country rely upon prior

2

precedents to decide cases.[1] As such, the Plaintiffs have presented no proper objections to the Magistrate Judge's Memorandum and Recommendation. Nonetheless, the Court has carefully reviewed the record in this case to determine whether the Magistrate Judge's legal conclusions are at variance with the law.

After careful consideration of the Magistrate Judge's Memorandum and Recommendation [Doc. 62] and the Plaintiff's Objections thereto [Doc. 74], the Court finds that the Magistrate Judge's proposed conclusions of law are correct and consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the Defendants' Motions to Dismiss be granted; that the claims asserted against Defendants Lisa Johnson, Transylvania County, Dotti Harris, H. Paul Averette, Gresham Barrett, Lindsey Graham, the U.S. Legislatures, North Carolina, and the Transylvania County District Attorney be dismissed with prejudice; and that

---

[1] The Court recognizes that the Plaintiffs are appearing *pro se* and are not trained in the law. As such, the Court has allowed the Plaintiffs extremely wide latitude in their arguments. The Plaintiffs have been extremely creative in what they have presented. For instance, with regard to the Magistrate Judge's statement of the Standard of Review, the Plaintiffs object to his citations to Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), because the present case is neither about restraint of trade nor conditions of confinement, and because neither Plaintiff is a Muslim [Doc. 74 at 2-3]. The Plaintiffs fail to realize that Twombly and Iqbal set forth the legal standard for the *manner* in which claims need to be pled in order to survive dismissal. It may be, in part, for that reason that the Plaintiffs have failed to meet that standard.

the claims against Defendants Scott Peterson, Joy J. Barton, and Larry K. Johnson be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

In her "Legal Notice of Federal Tort Claim," the Plaintiff Thalia D. Cooper purports to file a claim against this Court for the "mental anguish" suffered when this action was previously dismissed. [Doc. 75]. Such a claim for damages is without support in the law and is baseless and frivolous. It must, therefore, be dismissed.

In his first "Legal Notice of Federal Tort Claim," the Plaintiff Melvin E. Swanson purports to assert claims against U.S. Congressman Gresham Barrett and U.S. Senator Lindsey Graham for their failure to act upon the Plaintiff's request for a legislative bill "to disclose adoption records at age 21 and restore communication privileges." [Doc. 76]. In his second "Legal Notice of Federal Tort Claim," the Plaintiff seeks damages for the Magistrate Judge's alleged failure to order the Clerk of Court to serve Plaintiffs with a copy of the Memorandum and Recommendation. [Doc. 77]. The Plaintiff cites no basis in the law for such claims, and the Court is not aware of any. When a constituent is disappointed because his Congressman or Senator has failed to advocate for legislation that the constituent desires, it does not give rise to

a cause of action by such constituent against that Congressman or Senator. Similarly, when a litigant is disappointed because a court ruling is contrary to him, it does not give rise to a cause of action by such litigant against the judicial officer who entered the order. If such claims were entertained, our courts would grind to a halt. The Plaintiff's claims for damages are baseless and frivolous. They must, therefore, be dismissed.

The Court recognizes that the Plaintiffs are frustrated because the laws regarding adoption confidentiality are very different from what the Plaintiffs would like for them to be. That frustration, however, does not translate into any right that this Court can enforce. This Court must follow what the law is, not what the Plaintiffs wish it were.

Litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious action. See Demos v. Keating, 33 F. App'x. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir.), cert. denied, 535 U.S. 956, 122 S.Ct. 1362, 152 L.Ed.2d 357 (2002); In re Vincent, 105 F.3d 943 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citation omitted).

5

Case 1:11-cv-00102-MR -DLH   Document 78   Filed 07/03/12   Page 5 of 7

The Plaintiffs are hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. <u>Cromer v. Kraft Foods North America, Inc.</u>, 390 F.3d 812 (4th Cir. 2004); <u>Vestal v. Clinton</u>, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. <u>Foley v. Fix</u>, 106 F.3d 556 (4th Cir. 1997); <u>In re Joseph Marion Head</u>, 19 F.3d 1429 (4th Cir.), <u>cert. denied</u>, 513 U.S. 999, 115 S.Ct. 508, 130 L.Ed.2d 416 (1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. <u>In re Martin-Trigona</u>, 737 F.2d 1254 (2d Cir. 1984).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objections [Doc. 74] are **OVERRULED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 62] is **ACCEPTED**; the Defendants' Motions to Dismiss [Doc. 18, 24, 33, 41, 51, and 54] are **GRANTED**; and the claims asserted against Defendants Lisa Johnson, Transylvania County, Dotti Harris, H. Paul Averette, Gresham Barrett, Lindsey Graham, the U.S. Legislatures, North Carolina, and the Transylvania County District Attorney are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the claims against Defendants Scott Peterson, Joy J. Barton, and Larry K. Johnson are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiffs' Motions for Default Judgment [Docs. 40 and 49] and Plaintiffs' Motion to Dismiss Suit against Defendants Scott Peterson, Joy J. Barton, and Larry K. Johnson [Doc. 50] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiffs' "Legal Notices of Federal Tort Claim" [Docs. 75, 76, 77] are **DISMISSED** as frivolous.

The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Signed: July 2, 2012

Martin Reidinger
United States District Judge